Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Joshua L. Simmons (admitted *pro hac vice*)
joshua.simmons@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-4900

Yimeng Dou (SBN 285248)
yimeng.dou@kirkland.com
N. Yvonne Stoddard (SBN 325321)
yvonne.stoddard@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Tel. (213) 680-8400
Fax (213) 680-8500

Miranda Means (admitted *pro hac vice*)
miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Tel. (617) 385-7500
Fax (617) 385-7501

*Attorneys for Defendant/Counterclaimant*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| TERADYNE, INC.,<br><br>                    Plaintiff/<br>                    Counterdefendant,<br><br>v.<br><br>ASTRONICS TEST SYSTEMS, INC.<br><br>                    Defendant/<br>                    Counterclaimant. | CASE NO. 2:20-cv-02713 GW (SHK)<br><br>**ASTRONICS TEST SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Judge:           Judge George H. Wu<br>Hearing Date: August 26, 2021<br>Time:           8:30 AM<br>Courtroom:    9D |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................. 1

II.  FACTUAL BACKGROUND ................................................................ 3

   A. Procedural History and Case Status ............................................... 3

   B. The Asserted Claims and Pending IPR .......................................... 5

III. ARGUMENT ....................................................................................... 6

   A. Factor One: The Case Is At an Early Stage of Litigation ............... 8

   B. Factor Two: A Stay Will Simplify the Issues ............................... 11

   C. Factor Three: A Stay Will Not Cause Undue Prejudice
      Or Tactical Advantage .................................................................. 15

   D. Totality of the Circumstances Weighs In Favor of a Stay ............ 18

IV.  CONCLUSION ................................................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
   No. 16 Civ. 662, 2019 WL 2327654 (D. Del. May 31, 2019)...................................8, 14

*Apple, Inc. v. Fintiv, Inc.*,
   IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020)....................................................16

*Armor All/STP Products Co. v. Aerospace Communications Holdings Co., Ltd.*,
   No. 15 Civ. 781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) ...........................*passim*

*ASCII Corp. v. STD Ent. USA, Inc.*,
   844 F. Supp. 1378 (N.D. Cal. 1994)............................................................................6

*Autoalert, Inc. v. Dominion Dealer Sols., LLC*,
   No. 12 Civ. 1661, 2013 WL 8014977 (C.D. Cal. May 22, 2013) ...............................17

*Bal Seal Engineering, Inc. v. Nelson Products, Inc.*,
   No. 13 Civ. 1880, 2014 WL 12854129 (C.D. Cal. May 20, 2014) ......................*passim*

*BlackBerry Ltd. v. Facebook, Inc.*,
   No. 18 Civ. 1844, Initial Thoughts Regarding Joint Report
   (C.D. Cal. filed Apr. 22, 2019) ...................................................................................16

*Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*,
   No. 18 Civ. 366, 2019 WL 4740156 (D. Del. Sept. 27, 2019)....................................16

*Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc.*,
   No. 19 Civ. 1072, 2020 WL 5834297 (C.D. Cal. Aug. 19, 2020)...............................15

*Clinton v. Jones*,
   520 U.S. 681 (1997).......................................................................................................6

*DataQuill Ltd. v. TCL Commc'n Tech. Holdings Ltd.*,
   No. 19 Civ. 3394, 2020 WL 3884436 (C.D. Cal. Apr. 24, 2020) ...................10, 15, 19

*Delphix Corp. v. Actifio, Inc.*,
   No. 13 Civ. 4613, 2015 WL 4129166 (N.D. Cal. July 8, 2015)...............................8, 14

ii

*DivX, LLC v. Netflix, Inc.*,
   No. 19 Civ. 1602, 2020 WL 3026034 (C.D. Cal. May 11, 2020) ................................ 10

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   No. 17 Civ. 871, 2019 WL 1276029 (D. Del. Mar. 20, 2019) ..................................... 13

*Ethicon, Inc, v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ..................................................................................... 6

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) ................................................................................... 12

*Inogen, Inc. v. Inova Labs, Inc.*,
   No. 11 Civ. 1692, 2012 WL 4748803 (C.D. Cal. Mar. 20, 2012)........................... 17, 18

*IOENGINE, LLC v. Paypal Holdings, Inc.*,
   No. 18 Civ. 452, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ................................. 9, 13

*Limestone v. Micron Tech.*,
   No. 15 Civ. 278, 2016 WL 3598109 (C.D. Cal. Jan. 12, 2016) ............................. 10, 15

*Lodge Mfg. Co. v. Gibson Overseas, Inc.*,
   No. 18 Civ. 8085, 2019 WL 9443180 (C.D. Cal. Sept. 24, 2019) ............................... 12

*Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co., Ltd.*,
   No. 17 Civ. 1914, 2019 WL 116784 (C.D. Cal. Jan. 2, 2019) .............................*passim*

*Masimo Corp. v. Wireless*,
   No. 19 Civ. 1100, 2021 WL 321481 (S.D. Cal. Feb. 1, 2021) .................................... 18

*Munchkin, Inc. v. Luv N' Care, Ltd.*,
   No. 13 Civ. 6787, 2015 WL 13792195 (C.D. Cal. Oct. 30, 2015)................. 8, 9, 10, 14

*Novartis AG v. HEC Pharm Co., Ltd.*,
   183 F. Supp. 3d 560 (D. Del. 2016)............................................................................... 8

*Omnitracs, LLC v. Platform Sci., Inc.*,
   No. 20 Civ. 958, 2021 WL 857005 (S.D. Cal. Mar. 8, 2021) ................................. 17, 18

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
   No. 13 Civ. 1356, 2014 WL 116340 (N.D. Cal. Jan. 13, 2014).................................... 13

*Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*,
   No. 16 Civ. 300, 2017 WL 8220599 (C.D. Cal. June 27, 2017) .................................... 5

iii

*Purecircle USA Inc. v. SweeGen, Inc.*,
No. 18 Civ. 1679, 2019 WL 3220021 (C.D. Cal. June 3, 2019) ...................................... 6

*PureCircle USA, Inc. v. Sweegen, Inc.*,
No. 18 Civ. 1679, 2020 WL 5260492 (C.D. Cal. Aug. 5, 2020)................................. 13

*Realtime Adaptive Streaming LLC v. Adobe Sys. Inc.*,
No. 18 Civ. 9344, 2019 WL 11717183 (C.D. Cal. May 14, 2019) ............................ 16

*SCA Hygiene Prods. Aktiebolag ("AB") v. Tarzana Enters., LLC*,
No. 17 Civ. 4395, 2017 WL 5952166 (C.D. Cal. Sept. 27, 2017) .............................. 12

*Star Envirotech, Inc. v. Redline Detection, LLC*,
No. 12 Civ. 1861, 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013) ..........................*passim*

*Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*,
No. 14 Civ. 549, 2015 WL 857888 (C.D. Cal. Feb. 27, 2015) ..................................... 6

*Transp. Techs., LLC v. L.A. Cnty. Metro. Transp. Auth.*,
No. 15 Civ. 6423, 2016 WL 7444679 (C.D. Cal. July 22, 2016).......................... 11, 14

*Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*,
No. 18 Civ. 6737, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) ............................... 18

*Universal Elecs. Inc. v. Roku, Inc.*,
No. 18 Civ. 1580, 2019 WL 6974173 (C.D. Cal. Nov. 4, 2019)............................... 9, 10

*UPL NA, Inc. v. Tide Int'l (USA), Inc.*,
No. 19 Civ. 1201, 2021 WL 663128 (C.D. Cal. February 19, 2021) ......... 10, 13, 15, 17

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) ................................................................................. 8, 9

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
No. 14 Civ. 1153, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) .................. 5, 6, 10, 15

**Statutes**

35 U.S.C. § 102 ............................................................................................................. 5

35 U.S.C. § 103 ............................................................................................................. 5

35 U.S.C. § 314 ............................................................................................................. 5

35 U.S.C. § 315 ........................................................................................................... 13

iv

1

35 U.S.C. § 316 ............................................................................................................ 6

2

**Other Authorities**

3

37 CFR § 42.107 ......................................................................................................... 5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATS'S MEMO ISO MOTION TO STAY
PENDING *INTER PARTES* REVIEW                    CASE NO.: 2:20-CV-02713 GW (SHK)

## I.    INTRODUCTION

Last week, the Patent Trial and Appeals Board ("PTAB") instituted an *inter partes* review ("IPR") of the sole patent at issue in this litigation, U.S. Patent No. 7,395,479 (the "'479 Patent"). Declaration of Yimeng Dou, dated July 29, 2021, ("Dou Decl.") Ex. D ("Institution Decision"). As district courts routinely stay litigations while the PTAB conducts IPR proceedings, Defendant Astronics Test Systems, Inc. ("ATS") respectfully requests that the Court stay this case until the IPR proceeding is finally resolved.

All three factors employed by courts in this District in considering whether to grant a stay, as well as the totality of the circumstances, favor ordering a stay. ***First***, with regard to the stage of the litigation, the case is still more than three months away from the end of fact discovery and more than half a year away from the close of expert discovery. Moreover, the parties are nowhere near filing dispositive motions or pre-trial submissions, which courts have referred to as the most burdensome part of a case. Indeed, the trial in this case is not scheduled to be completed until after the PTAB's final decision on the IPR. As discussed below, courts in this District frequently have granted stays in similar situations, including where trials were scheduled to be completed *before* an IPR final written decision.

***Second***, with regard to simplification of the case, the IPR was instituted with regard to ***each and every*** asserted claim of the '479 Patent. Moreover, as discussed below, the Institution Decision strongly suggests that all of those claims will be invalidated. For example, the PTAB has concluded that U.S. Patent No. 4,635,259 ("Schinabeck") teaches all limitations of asserted claim 1, including the preamble's channel circuit. Dou Decl., Ex. D at 14–22. Likewise, the PTAB found that each prior art ground asserted by ATS in its Petition for *Inter Partes* Review ("Petition") was likely to prevail in showing claims 1–8 are obvious in view of the prior art. *Id.* at 22, 38. The PTAB even rejected Plaintiff Teradyne Inc.'s ("Teradyne") argument that Schinabeck was comprised only of separate channel circuits as it construed the term "channel circuit" broadly to be "a circuit that interfaces to a signal connection point of a test instrument so

1

that it can drive and receive test signals at a test point in [a] system under test," and thus found, that Schinabeck teaches the channel circuit limitation. *Id.* at 10, 14–18. In any case, regardless of the outcome, the PTAB's final decision will simplify this case because a PTAB decision will reduce and/or clarify issues the Court would otherwise address and because ATS will be estopped from seeking this Court's review on any invalidity challenge that could have reasonably been addressed in the IPR. Thus, a stay will simplify the issues, reduce the burden on this Court and the parties, and avoid the possibility that the jury in this case reaches a verdict that is inconsistent with the outcome of the PTAB's decision, which will be delivered before the verdict is scheduled to be returned.

*Third*, with regard to undue prejudice or tactical advantage, a stay will not unduly prejudice Teradyne or grant ATS a clear tactical advantage. As an initial matter, the courts are clear that any prejudice from the grant of the stay itself is not cognizable; instead, Teradyne must show some other undue prejudice that would result. It, however, cannot do so because it already has waited 11 years to seek the adjudication of these claims. As Teradyne admitted in its First Amended Complaint, and this Court acknowledged in its motion to dismiss decision, Teradyne has been aware of the possible legal claims that it asserted here as early as 2009. Mem. Op. (Dkt. 67) at 5 ("Teradyne sent a first letter . . . in May, 2009"); First Am. Compl. (Dkt. 58) ¶ 37; D. Burney Decl. (Dkt. 38) Ex. 1. Yet, Teradyne did not file its original complaint until March 23, 2020. Compl. (Dkt. 1). Moreover, Teradyne did not seek a preliminary injunction, which courts generally hold further shows a lack of prejudice.

In contrast with Teradyne's lackadaisical approach to pursuing its claims, ATS sought review of the '479 Patent and filed this motion without delay. ATS filed its IPR Petition ten days after Teradyne's identification of the claims that it is asserting in this litigation. As discussed below, courts have found it appropriate to wait for the patent owner to identify the claims that it asserts have been infringed before filing an IPR petition. Here, the necessity of doing so is underscored by the fact that, only *after* ATS

2

filed its Petition did Teradyne disclaim claims 9–13.  Although ATS could have filed a motion to stay this litigation when the IPR Petition was filed in December 2020, this Court's prior decisions, as well as its comments during the claim construction tutorial, indicated that it would prefer to wait to determine whether the PTAB instituted the IPR before considering a stay.  In view of the Court's preference, ATS did not file a motion to stay at that time.

Then, last week, on July 21, 2021, the PTAB instituted the IPR to review all of the remaining claims, finding all three invalidity grounds that ATS asserted are likely to prevail.  ATS requested a meet-and-confer the next day, and filed this motion seven days later as required by the Local Rules.  It also has noticed the earliest possible hearing date on its motion under the Local Rules.

Under the circumstances, the high likelihood that the PTAB's IPR decision will invalidate the '479 Patent (thereby simplifying this case) far outweighs any undue prejudice that Teradyne can claim from a stay.  Furthermore, a stay is consistent with the objectives of Congress in providing IPRs as a mechanism for challenging patent validity and the liberal policy of granting stays pending IPR proceedings that have been adopted in this District.  A stay will also preserve the Court and the parties' resources and avoid any inconsistent outcome with the PTAB's findings.  Accordingly, ATS respectfully requests that the Court grant a stay of this litigation.[1]

## II.   FACTUAL BACKGROUND

### A.   Procedural History and Case Status

After this Court's motion to dismiss decision, Teradyne's remaining causes of action are (a) direct infringement of the '479 Patent by ATS's automated testing products; (b) copyright infringement by ATS's software that runs those products; and

---

[1]  To the extent Teradyne argues that its non-patent claims should not be stayed because they will not be resolved by the IPR proceeding, the totality of the circumstances still favors a stay given the stage of the proceeding and the lack of undue prejudice to Teradyne.  In any case, such an argument only underscores that, at a minimum, the case should be stayed as to Teradyne's patent claim.

3

1  (c) related California state law claims for inducing breach of contract and intentional

2  interference with prospective economic advantage.  Mem. Op. (Dkt. 67).

3       With regard to the patent infringement claim, ATS received Teradyne's initial

4  infringement contentions, which identified the asserted claims and allegedly infringing

5  products, on December 11, 2020.  Dou Decl. ¶ 11.  ATS worked diligently and filed its

6  IPR Petition only ten days later, on December 21, 2020.  *Id.*, Ex. A.  The PTAB instituted

7  the IPR on July 21, 2021.  *Id.*, Ex. D.

8       At this time, discovery in this case is still in its early stages.  Fact discovery is not

9  yet complete, and is not scheduled to be completed until November 18, 2021.  Sch. Ord.

10  (Dkt. 104) at 1.  Neither party has produced email discovery, and the parties are still

11  negotiating the scope of written discovery and document productions.  Dou Decl. ¶¶ 12–

12  13.  Both parties are still producing documents: Teradyne just made a production last

13  week, and ATS is similarly undergoing review of additional documents for production in

14  advance of the September 30, 2021 document production deadline.  *Id.*, ¶ 14.  To date,

15  the only depositions in this case were taken leading up to the claim construction

16  proceeding.[2]  The Court issued its claim construction order on June 29, 2021 but did not

17  construe any claims, instead finding each term had a plain and ordinary meaning.  Claim

18  Constr. Ord (Dkt. 103).

19       Aside from fact discovery, expert discovery will not begin until November, and is

20  scheduled to complete in February 2022.  Sch. Ord. at 1.  Further, no summary judgment

21  motions or pre-trial submissions have been filed.  Indeed, the final pre-trial conference is

22  not scheduled to occur for eleven months, and trial is scheduled to begin a year from now

23  on July 12, 2022.  *Id.* at 2.

24

25

26  _____

[2]   ATS deposed one inventor of the '479 Patent, and the parties deposed the opposing
27  party's expert on each experts' *Markman* declaration.  Dou Decl. ¶ 15.  Teradyne
refused to permit its expert to testify as to topics beyond his view of the disputed
28  claim terms, despite discussing additional issues in his expert declaration.  *See* ATS
Claim Constr. Br. (Dkt. 88), Ex. 1 at 95:4–96:15, 99:14–18.

### B.    The Asserted Claims and Pending IPR

After Teradyne's disclaimer of claims 9–13, only claims 1–8 of the '479 Patent remain at issue.  ATS Claim Constr. Br. (Dkt. 88), Ex. 3 ("Teradyne's Disclaimer").

An *inter partes* review is a procedure introduced by the America Invents Act ("AIA") that permits the PTAB to review the patentability of one or more claims of a patent under 35 U.S.C. §§ 102 and/or 103.  *See, e.g., Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. 16 Civ. 300, 2017 WL 8220599, at *1 (C.D. Cal. June 27, 2017).  It is designed to "minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review."  *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. 14 Civ. 1153, 2015 WL 1809309, at *1 (C.D. Cal. Apr. 20, 2015) (granting stay).

ATS filed its IPR Petition on December 21, 2020, challenging all of the '479 Patent's asserted claims as obvious on three separate grounds.  Dou Decl., Ex. A.  Based on the December filing date, an Institution Decision was expected by June 21, 2020, which would have been before the Court's claim construction hearing on June 24, 2020.  *See* 37 CFR § 42.107, 35 U.S.C. § 314(b) (PTAB institution decisions due within 6 months of notification of a filing date).  But due to the PTAB's month-long delay in issuing the Notice of Filing Date Accorded on January 22, 2021, the Institution Decision date was extended to July 21, 2021.  Dou Decl., Ex. B.

After disclaiming claims 9–13, Teradyne filed a Patent Owner Preliminary Response ("POPR") on April 22, 2021.  Dou Decl., Ex. C.  Teradyne's POPR only tried to rebut ATS's invalidity arguments against claim 1 and did not additionally argue that dependent claims 2–8 could overcome the prior art cited by ATS.

On July 21, 2021, the PTAB instituted IPR review on all of the remaining claims of the '479 Patent.  Dou Decl., Ex. D.  The Institution Decision found that all asserted invalidity grounds are likely to prevail "in showing that claims 1–8 would have been obvious."  *Id.* at 22, 38.

Upon institution, the Patent Office must conduct its review quickly.  The final

hearing date for the IPR is scheduled for April 21, 2022.  Dou Decl., Ex. E at 10.  35 U.S.C. § 316(a)(11) requires "that the final determination in an *inter partes* review be issued not later than 1 year after the date on which the Director notices the institution of a review."  Accordingly, a Final Written Decision is expected not later than July 21, 2022, in the middle of the trial scheduled in this litigation.

## III.   ARGUMENT

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ethicon, Inc, v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988).  A court's discretion is guided by three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *Wonderland Nursery Goods*, 2015 WL 1809309, at *2 (internal citations omitted; granting stay).  The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." *Purecircle USA Inc. v. SweeGen, Inc*., No. 18 Civ. 1679, 2019 WL 3220021, at *1 (C.D. Cal. June 3, 2019) (internal citations and quotation marks omitted; granting stay).

Further, "[t]here is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of [IPRs].'"  *Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*, No. 14 Civ. 549, 2015 WL 857888, at *2 (C.D. Cal. Feb. 27, 2015) (quoting *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).  Indeed, courts in this District routinely grant motions to stay in light of pending IPR proceedings.  For example:

- In *Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co., Ltd.*, the Court granted a full stay of a patent and copyright infringement action pending institution decisions on IPRs.  No. 17 Civ. 1914, 2019 WL 116784, at *3 (C.D. Cal. Jan. 2, 2019).  The Court explained that the case was still in the early fact discovery stage, the issues would be simplified because the IPRs covered every

claim of three of the four asserted patents, and there was no undue prejudice in light of the plaintiff's own delay in bringing suit and failure to seek a preliminary injunction.  *Id*. at *2–3.

- Likewise, in *Bal Seal Engineering, Inc. v. Nelson Products, Inc.*, the Court granted a full stay of both patent infringement and trade secret misappropriation claims pending institution decisions on IPRs.  No. 13 Civ. 1880, 2014 WL 12854129, at *4 (C.D. Cal. May 20, 2014).  The Court found that even though the IPR would likely not simplify the trade secret claim, a stay was warranted because the case was in early stages and there was no undue prejudice or tactical advantage.  *Id*., at *3.

- Similarly, in *Star Envirotech, Inc. v. Redline Detection, LLC*, the Court granted a full stay of a case involving patent infringement, false advertising, and unfair competition claims pending institution decisions of IPR proceedings, including any related appeals.  No. 12 Civ. 1861, 2013 WL 1716068, at *3 (C.D. Cal. Apr. 3, 2013).  The Court found that discovery was not yet complete, the IPRs would simplify the issues as the patent infringement claim was the "core of the . . . claims," and the plaintiff could not show any undue prejudice beyond the inherent delay in granting a stay, which is not cognizable.  *Id*., at *2–3.

Courts in other districts also routinely grant such motions.  For example, in *Armor All/STP Products Co. v. Aerospace Communications Holdings Co., Ltd.*, the court granted a full stay of a case involving patent, trademark, and copyright infringement, unfair competition and false marketing, and state law claims for unfair competition, unjust enrichment, and tortious interference with prospective business relations after the PTAB instituted IPR.  No. 15 Civ. 781, 2016 WL 6397269, at *3–5 (E.D. Tex. Oct. 28, 2016).  The court found that the case was in early stages and the most significant expenses in the litigation—dispositive motion briefing and argument, pretrial preparation, and trial preparation—were still in the future.  *Id*., at *4.  The court also found that the issues would be simplified by the IPR proceedings, and that the plaintiff could not show

any prejudice in the resolution of the non-patent claims other than the delay inherent in a stay. *Id.* at *3–4; *see also Delphix Corp. v. Actifio, Inc.*, No. 13 Civ. 4613, 2015 WL 4129166, at *2 (N.D. Cal. July 8, 2015) (granting stay of patent infringement and trade secret misappropriation case where the PTAB instituted IPRs on the plaintiff's patents); *AgroFresh Inc. v. Essentiv LLC*, No. 16 Civ. 662, 2019 WL 2327654, at *1–2 (D. Del. May 31, 2019) (granting stay of case including patent infringement, unfair competition, unjust enrichment, trade secrets violations, intentional interference with business relationships and contracts, conversion, and civil conspiracy claims pending appeal of the PTAB's Final Written Decision on one of the three asserted patents finding because "it would be potentially wasteful to litigate [that] patent" and "substantial simplification is almost certain").

As discussed below, here, each of the stay factors favors granting ATS's motion.

### A.    Factor One: The Case Is At an Early Stage of Litigation

The first factor concerns the stage of the litigation, such as "whether discovery is complete and whether a trial date has been set . . . ." *Munchkin, Inc. v. Luv N' Care, Ltd.*, No. 13 Civ. 6787, 2015 WL 13792195, at *1 (C.D. Cal. Oct. 30, 2015) (finding factor favored stay where the court issued a claim construction order two months ago, "[f]act discovery is not yet complete" and "[e]xpert discovery does not commence" for another two months); *Novartis AG v. HEC Pharm Co., Ltd.*, 183 F. Supp. 3d 560, 562 (D. Del. 2016) ("litigation is at an early stage: although documents have been produced, fact discovery has not closed and expert reports are not due for another six months."). "[D]istrict courts have adopted the date of the filing of the motion to stay" as the "proper time to measure the stage of litigation." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (collecting cases).

As of the date of the filing of this instant motion to stay, the case is still in early stages: discovery is not complete, and there is more work ahead of the Court and the parties than behind them. The close of fact discovery is over three months away on November 18, 2021. Sch. Ord. at 1. Neither party has produced email discovery, the

parties are still negotiating the proper scope of interrogatory responses and document requests, and both parties are still reviewing and producing documents.  Jnt. Proposed Sch. Ord. (Dkt. 99) at 4.  Further, despite filing its original Complaint over a year ago and being served with relevant discovery requests eight months ago, Teradyne is still working to identify the bases of its copyright infringement and state law claims, *e.g.*, any protectable elements of its source code.  *Id*.  The document production substantially completed deadline is over two months away on September 30, 2021.  Sch. Ord. at 1.  And, other than one fact deposition connected to the claim construction proceeding, the parties have yet to take or schedule any depositions.  Dou Decl. ¶ 15.

In addition to the nascent stage of fact discovery, expert discovery has not yet begun, nor have the parties filed summary judgment motions, prepared for trial, conducted trial, or engaged in post-trial motions practice, which courts have referred to as "the most burdensome stages of the case[]."  *IOENGINE, LLC v. Paypal Holdings, Inc.*, No. 18 Civ. 452, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019); *Munchkin*, 2015 WL 13792195, at *1 ("there is substantial, time-consuming and expensive work remaining.") Thus, a stay would save the parties and the Court the time and expense of: (1) completing fact discovery—including resolving discovery disputes, reviewing and producing voluminous documents and email productions, and taking numerous fact witness depositions; (2) conducting expert discovery—including expansive invalidity, non-infringement, analytic dissection, and fair use expert reports and depositions of numerous expert witnesses; (3) filing and deciding summary judgment motions and pre-trial motions—including comprehensive patent invalidity and non-infringement briefing, fair use and analytic dissection briefing, *Daubert* briefing, and motions *in limine*; and (4) litigating this case through trial and post-trial motions.  *Universal Elecs. Inc. v. Roku, Inc.*, No. 18 Civ. 1580, 2019 WL 6974173, at *2 (C.D. Cal. Nov. 4, 2019) (granting a stay, which "would save the parties and this Court significant resources"); *Munchkin*, 2015 WL 13792195, at *2 ("Not issuing a stay risks duplication of effort, the risk of inconsistent outcomes and the potential of a substantial waste of time and resources by

the parties and the Court.")[3]

Accordingly, because discovery is not complete and the bulk of—and the most expensive and burdensome—work in this case is still ahead of the parties and the Court, this factor weighs in favor of a stay. *Lund*, 2019 WL 116784, at *2 ("The first factor weighs in favor of a stay because the Court still has not expended substantial time and effort preparing for trial."); *Armor All/STP Prods. Co.*, 2016 WL 6397269, at *4–5 (factor weighs in favor of stay where discovery is not complete and trial was scheduled seven months away); *see also, e.g.*, *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, No. 19 Civ. 1201, 2021 WL 663128, at *2 (C.D. Cal. February 19, 2021) ("Although a claim construction order has been issued, the amount of work yet to be undertaken by the parties" favors a stay); *DataQuill Ltd. v. TCL Commc'n Tech. Holdings Ltd.*, No. 19 Civ. 3394, 2020 WL 3884436, at *2 (C.D. Cal. Apr. 24, 2020) (granting a stay where trial was nine months away, finding "[t]he existence of [a] trial date . . . does not negate the fact that this case is in its earliest procedural stages, with the parties having exchanged only limited discovery and the Court having expended few resources on this case."); *Universal Elecs.*, 2019 WL 6974173, at *2 ("Although the *Markman* hearing has taken place, there is still much work left to be done."); *Limestone v. Micron Tech.*, No. 15 Civ. 278, 2016 WL 3598109, at *3 (C.D. Cal. Jan. 12, 2016) (factor weighs in favor of a stay because there is "more work ahead of the parties and the Court than behind [them]."); *Munchkin*, 2015 WL 13792195, at *1–2 (granting a stay two months after court had issued a *Markman* order and parties have conducted some discovery); *Wonderland Nursery Goods*, 2015 WL 1809309, at *3 (finding the stage of litigation weighed in favor of a stay where fact discovery was not complete and expert discovery had not yet begun).

---

[3] It also should not be overlooked that the parties, the Court, the fact witnesses, any experts, and any potential jurors are still facing challenges due to the ongoing COVID-19 pandemic, including the recent resurgence in case numbers due to variants. As a result, the current case schedule could be subject to further delays. *See DivX, LLC v. Netflix, Inc.*, No. 19 Civ. 1602, 2020 WL 3026034, at *3 (C.D. Cal. May 11, 2020) (delays likely due to COVID and criminal matters taking priority).

ATS'S MEMO ISO MOTION TO STAY
PENDING *INTER PARTES* REVIEW                    CASE NO.: 2:20-CV-02713 GW (SHK)

### B.   Factor Two: A Stay Will Simplify the Issues

The second factor concerns whether the IPR will simplify the issues prior to trial. "A stay is favored where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the [IPR], would eliminate the need to try the infringement issue." *Transp. Techs., LLC v. L.A. Cnty. Metro. Transp. Auth.*, No. 15 Civ. 6423, 2016 WL 7444679, at *7 (C.D. Cal. July 22, 2016) (internal quotation marks and citations omitted).  Here, a stay will simplify the case in numerous ways.

***First***, the IPR likely will invalidate the '479 Patent's remaining claims.  Despite Teradyne's attempts to show otherwise, the Institution Decision states that all of the Petition's asserted grounds are likely to prevail in showing claims 1–8 are obvious in view of the prior art identified by ATS.  Dou Decl., Ex. D at 22, 38.  In regards to Ground I, the Institution Decision found that Schinabeck teaches all limitations of asserted claim 1, including the preamble's channel circuit.  *Id.* at 14–22.  Teradyne did not challenge the Petition's arguments concerning dependent claims 2–8, which is a tacit acknowledgment that they too are obvious in light of Schinabeck, but in any case the Institution Decision found that Schinabeck taught those claims as well.  *Id.*

In regards to Grounds II and III, the Institution Decision found that U.S. Patent No. 6,292,342 ("Miyamoto") in combination with U.S. Patent No. 6,856,158 ("Frame") teach all limitations of claim 1.  *Id.* at 34.  The Institution Decision further found that a person having ordinary skill in the art ("POSA") would have motivation to combine Miyamoto and Frame to arrive at the claimed invention.  *Id.* at 35–37.  Teradyne did not challenge the Petition's arguments concerning dependent claims 2–8, again tacitly admitting their obviousness, and the Institution Decision found that claims 2–7 were taught by Miyamoto and Frame, and that claim 8 was taught by Miyamoto, Frame, and Schinabeck. *Id.* at 38.

Thus, the IPR will significantly narrow the scope of complexity of the litigation by eliminating the patent infringement cause of action and narrowing the scope of the case

significantly for discovery, dispositive motions, and trial.  *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (when a claim is cancelled, "the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot"); *Lund*, 2019 WL 116784, at *2 (finding simplification factor weighed in favor of a stay where plaintiff had also asserted copyright claim because the IPRs already had and would further simplify the patent claim); *Star Envirotech, Inc.*, 2013 WL 1716068, at *2 (finding simplification factor weighed in favor of a stay where plaintiff had asserted non-patent claims because patent claim was "the core of the three claims in the Complaint"); *Armor All/STP Prods. Co.*, 2016 WL 6397269, at *4 ("The significant benefit in the form of simplification of the patent issues flowing from the *inter partes* review outweighs the potential lack of simplification for the non-patent claims.").

**Second**, elimination of the patent claim will narrow ATS's defenses and counterclaims too, thus leading to fewer issues for deposition, dispositive motions, and a shorter trial.  *See Lodge Mfg. Co. v. Gibson Overseas, Inc.*, No. 18 Civ. 8085, 2019 WL 9443180, at *3 (C.D. Cal. Sept. 24, 2019) ("[C]ourts in this District have granted stays even though other defenses or counterclaims are not addressed in an IPR, and recognized that the IPR can still narrow some issues."); *SCA Hygiene Prods. Aktiebolag ("AB") v. Tarzana Enters., LLC*, No. 17 Civ. 4395, 2017 WL 5952166, at *4 (C.D. Cal. Sept. 27, 2017) (IPR could moot both the plaintiff's infringement claims and the defendant's defenses and counterclaims); *Bal Seal Eng'g, Inc.*, No. 13 Civ. 1880, 2014 WL 12854129, at *2 (C.D. Cal. May 20, 2014) ("some of Defendants' counterclaims would be directly impacted by [the IPR proceedings]").

**Third**, courts have found that this factor weighs in favor of a stay even when only some or none of the claims would be invalidated.  *See Lund*, 2019 WL 116784, at *2 (granting stay of patent and copyright case where defendant's IPR petitions covered only three of four asserted patents); *Bal Seal Eng'g, Inc.*, 2014 WL 12854129, at *2 (granting stay of patent and trade secret case where defendant's IPR petitions covered all

12

independent claims and "most of the dependent patent claims"); *see also UPL NA, Inc.*, 2021 WL 663128, at \*3 ("At a minimum, the IPR proceedings will reduce or refine the issues presented in this Action."); *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 13 Civ. 1356, 2014 WL 116340, at \*4 (N.D. Cal. Jan. 13, 2014) ("Even if the PTAB affirms the validity of every asserted claim, which is highly unlikely given the new higher standard for instituting IPR, these cases would still benefit as such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO."); *IOENGINE, LLC*, 2019 WL 3943058, at \*9 ("First, if the PTAB invalidates all of the claims before it, the case will unquestionably become simpler. . . . Second, even if the PTAB does not cancel all (or even any) of the asserted claims[,] any conclusion that the PTAB reaches will have a likely effect on the litigation. . . ."); *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17 Civ. 871, 2019 WL 1276029, at \*2 (D. Del. Mar. 20, 2019) ("A stay will simplify the case because a PTAB decision will reduce and/or clarify issues the Court would otherwise address, including in connection with dispositive motions and trial.").

For example, the IPR process itself can simplify the case, such as when a patent owner narrows its claims. *See Lund*, 2019 WL 116784, at \*2 (factor favored stay where "in its preliminary responses to Defendants' petitions, Plaintiff canceled eighteen of the claims in one of the disputed patents."). Indeed, this already has happened once here as Teradyne cancelled claims 9–13 in response to the IPR Petition. *See* ATS Claim Constr. Br., Ex. 2 (Dkt. 88-3).

Similarly, "[i]f the PTO issues a final decision affirming the validity of a claim, the petitioner is estopped from asserting in a civil action that 'the claim is invalid on any ground that the petitioner raised or reasonably could have raised during' the IPR process." *Lund*, 2019 WL 116784, at \*1 (quoting 35 U.S.C. § 315(e)(2)) (staying patent and copyright case); *see also, e.g.*, *PureCircle USA, Inc. v. Sweegen, Inc.*, No. 18 Civ. 1679, 2020 WL 5260492, at \*3 (C.D. Cal. Aug. 5, 2020) ("Given that every claim is challenged, the potential estoppel effects are wide-ranging . . . [and] the parties' and

13

Court's resources are likely to be conserved"); *Star Envirotech, Inc.*, 2013 WL 1716068, at *2 (holding simplification factor weighed in favor of stay despite plaintiff's non-patent claims because "Defendants would be barred from seeking this Court's review on any grounds it could have raised in the IPR"). Thus, even if *no* claims are invalidated by the PTAB, the invalidity challenges in this case will be significantly narrowed via estoppel.

*Fourth*, courts have found this factor weighs in favor of stay even when there are non-patent claims pending in the case. For instance, the Court in *Lund* stayed a case involving both patent and copyright infringement issues pending institution decisions on defendants' IPR petitions. 2019 WL 116784, at *1–2. In reaching that decision, the Court found that "[a] stay pending the PTO's decision to institute IPR also has the potential to simplify the issues in question in this case." *Id*. The Court reached a similar conclusion in *Star Envirotech, Inc.*, granting a full stay of patent infringement, false advertising, and unfair competition claims pending institution decisions of the IPR proceedings because "the Court finds that staying the case pending review would significantly simplify the issues." 2013 WL 1716068, at *2. Other courts have reached a similar decision, finding that a stay simplifies the issues even in the presence of non-patent claims. *See*, *e.g.*, *Armor All/STP Prods. Co.*, 2016 WL 6397269, at *2 (rejecting arguments that stay would not simplify the issues due to non-patent claims); *Delphix Corp.*, 2015 WL 4129166, at *4 (N.D. Cal. July 8, 2015) (finding "a stay of this entire action," including non-patent claims, was "likely to simplify the issues in question . . . ."); *AgroFresh Inc.*, 2019 WL 2327654, at *1–2 (granting stay of entire case including non-patent claims as "substantial simplification is almost certain").

*Fifth*, a stay will also avoid a potentially inconsistent outcome with the PTAB's final ruling with respect to the '479 Patent, which is to be issued by July 21, 2022. *Transp. Techs.*, 2016 WL 7444679, at *7 ("A stay may also be granted in order to avoid inconsistent results . . . ." (internal quotation marks and citation omitted)); *Munchkin*, 2015 WL 13792195, at *2 ("Not issuing a stay risks duplication of effort, the risk of inconsistent outcomes and the potential of a substantial waste of time and resources by

14

1    the parties and the Court.").

2          Thus for the foregoing reasons, this factor weights in favor of a stay. *Lund*, 2019

3    WL 116784, at *3 (staying patent and copyright case pending IPRs); *see also UPL NA,*

4    *Inc.*, 2021 WL 663128, at *3 (factor weighs in favor of a stay because "[a]lthough the

5    parties and the Court have already expended considerable resources through *Markman*

6    proceedings and claim construction, a stay would nevertheless prevent, or at least limit,

7    the expenditure of resources that may prove unnecessary based on the PTAB

8    proceedings"); *Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc.*, No. 19 Civ. 1072,

9    2020 WL 5834297, at *3 (C.D. Cal. Aug. 19, 2020) (factor favors stay because IPR

10   challenges all asserted claims of the patent.); *Star Envirotech, Inc.* 2013 WL 1716068, at

11   *2 (staying patent, false advertising, and unfair competition case pending IPRs).

12        **C.    Factor Three: A Stay Will Not Cause Undue Prejudice Or Tactical**

13              **Advantage**

14         The third factor considers whether undue prejudice will result from the grant of a

15   stay.  "In weighing the prejudice to the non-moving party, courts consider four sub-

16   factors: (1) the timing of the petition for review; (2) the timing of the request for the stay;

17   (3) the status of review proceedings; and (4) the relationship of the parties." *Caravan*

18   *Canopy Int'l*, 2020 WL 5834297, at *3 (internal quotations marks and citations omitted).

19   "Mere delay in the litigation does not establish undue prejudice." *Limestone*, 2016 WL

20   3598109, at *5; *see also DataQuill*, 2020 WL 3884436, at *2 (C.D. Cal. Apr. 24, 2020)

21   ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific

22   showing of prejudice beyond the delay necessarily inherent in any stay.").  Here, each

23   sub-factor favors a stay.

24         **Timing of IPR Petition**.  Teradyne cannot identify any tactical disadvantage as

25   ATS worked diligently to file its IPR Petition merely 10 days after receiving Teradyne's

26   infringement contentions identifying Teradyne's asserted claims.  *See, e.g., Wonderland*

27   *Nursery Goods*, 2015 WL 1809309, at *3 ("[Defendant] did not know which claims were

28   being asserted against them until Plaintiff served its preliminary infringement

15

ATS'S MEMO ISO MOTION TO STAY
PENDING *INTER PARTES* REVIEW                    CASE NO.: 2:20-CV-02713 GW (SHK)

contentions."); *Apple, Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 at 11 (P.T.A.B. Mar. 20, 2020) ("reasonable for a petitioner to wait to file its petition until it learns which claims are being asserted against it"); *see also id*. at 11 n.20 (defendant deserves "reasonable opportunity to identify and understand the patent claims" before filing IPR petition).  With regards to the timing relative to Teradyne's Complaint, the initial patent infringement claim was dismissed.  Mem. Op. (Dkt. 53).  The IPR Petition was filed only four months after Teradyne repleaded its patent infringement claim in its First Amended Complaint and far ahead of the one-year statutory deadline.  Thus, this sub-factor weighs against undue prejudice.  *Bal Seal Eng'g, Inc.*, 2014 WL 12854129, at *3 ("Defendant filed its IPR petitions approximately four months after the Complaint was filed.").

**Timing of the Request for Stay**.  "[I]t is this Court's practice to deny motions to stay until after the PTAB has made a decision regarding whether it will actually institute an IPR."  *BlackBerry Ltd. v. Facebook, Inc.*, No. 18 Civ. 1844, Initial Thoughts Regarding Joint Report (C.D. Cal. filed Apr. 22, 2019); *Realtime Adaptive Streaming LLC v. Adobe Sys. Inc.*, No. 18 Civ. 9344, 2019 WL 11717183, at *5 (C.D. Cal. May 14, 2019) (same).  As a result, ATS waited until the PTAB's Institution Decision to file the instant motion.  The PTAB instituted the IPR on July 21, 2021.  ATS met-and-conferred with Teradyne the next day, and filed this motion only one week later as required by the Local Rules, noticing the earliest possible hearing date under the Local Rules.  Thus, the motion to stay was filed as early as possible and this sub-factor also weighs against undue prejudice.  *See Brit. Telecommc'ns PLC v. IAC/InterActiveCorp*, No. 18 Civ. 366, 2019 WL 4740156, at *5 (D. Del. Sept. 27, 2019) (finding defendant diligent in moving for the requested stay where the request was within ten days after publication of the IPR institution decision, noting "[a]n earlier request for a stay would have been premature.").

**Status of the IPR Petition**.  The IPR Petition was instituted on July 21, 2021.  The Institution Decision found all of the asserted grounds likely to show that all remaining claims of the '479 Patent are invalid as obvious.  Dou Decl., Ex. D at 22, 38.  The final hearing is set for April 21, 2022 and a Final Written Decision is due not later than July

16

21, 2022.  Thus, this sub-factor weighs against undue prejudice.  *Armor All/STP Prods. Co.*, 2016 WL 6397269, at \*3 ("The grant of *inter partes* review is treated as a highly significant factor . . . because this ordinarily means that there is a substantial likelihood of simplification of litigation.").

**Relationship of the Parties**.  Teradyne cannot identify any undue prejudice from a stay, particularly given the high likelihood of the '479 Patent's invalidity and Teradyne's own delay in bringing this case.

***First***, by Teradyne's own admissions, it has delayed years in bringing this suit. For example, in its motion to dismiss briefing, Teradyne argued that it was alerted to possible legal claims as early as 2009.  Mem. Op. (Dkt. 67) at 5 ("Teradyne sent [letters] . . . in May, 2009 [and] in 2015"); First Am. Compl. ¶ 37; D. Burney Decl. Ex. 1.  Yet, Teradyne inexplicably waited ***11 years*** to file this litigation.  Teradyne's 11-year delay belies any showing of undue prejudice of a far briefer stay of these proceedings in favor of the PTAB's IPR.  *See Lund*, 2019 WL 116784, at \*2 (staying copyright and patent case because "Plaintiff's own delay in bringing the instant action renders its arguments of undue prejudice persuasive."); *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, No. 12 Civ. 1661, 2013 WL 8014977, at \*3 (C.D. Cal. May 22, 2013) (finding no undue prejudice where plaintiff waited to file its complaint for at least two years (citing *Inogen, Inc. v. Inova Labs, Inc.*, No. 11 Civ. 1692, 2012 WL 4748803, at \*4 (C.D. Cal. Mar. 20, 2012)).

***Second***, Teradyne's "failure to seek a preliminary injunction belies its claims of undue prejudice in the marketplace."  *UPL NA, Inc.*, 2021 WL 663128, at \*4 ("The Federal Circuit has noted that . . . a patentee's failure to move for a preliminary injunction contradicts the assertion that the patentee requires immediate relief."); *Lund*, 2019 WL 116784, at \*2 (finding no prejudice because plaintiff "never sought a preliminary injunction in the fourteen months that this litigation has been pending"); *Bal Seal Eng'g, Inc.*, 2014 WL 12854129, at \*3 (finding no undue prejudice where "Plaintiff has not sought a preliminary injunction"); *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20

1  Civ. 958, 2021 WL 857005, at *6 (S.D. Cal. Mar. 8, 2021) ("Some courts have found that

2  a plaintiff's decision not to assert preliminary injunctive relief undercuts a party's

3  argument that a stay would be prejudicial."); *Masimo Corp. v. Wireless*, No. 19 Civ.

4  1100, 2021 WL 321481, at *6 (S.D. Cal. Feb. 1, 2021) ("Even if [the plaintiff] suffers

5  some irreparable harm in the form of loss of market share, [the plaintiff's] failure to seek

6  preliminary injunctive relief undercuts [its] argument that [it] cannot be made whole by

7  monetary damages.'") (citations omitted); *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No.

8  18 Civ. 6737, 2019 WL 1905161, at *6 (N.D. Cal. Apr. 29, 2019) ("[That Plaintiff] did

9  not seek injunctive relief further undercuts its prejudice argument."). [4]

10      As all of the sub-factors favor the grant of a stay, this factor militates toward

11  granting ATS's motion.

12      **D.    Totality of the Circumstances Weighs In Favor of a Stay**

13      In view of the totality of circumstances, a stay is warranted in this case.  As

14  discussed above, the case is still in its early stages, and Teradyne cannot show that it

15  would suffer any undue prejudice nor any tactical advantage to ATS.  Most importantly, a

16  stay would benefit the Court and the parties by significantly simplifying the issues in this

17  case and would prevent the unnecessary expense of litigating this case through the

18  remainder of fact discovery, the entirety of expert discovery, voluminous summary

19  judgment and pre-trial motions, trial, and post-trial motions.  Indeed, it would be directly

20  contrary to the interests of judicial economy to expend all of that effort only to learn on

21  the last days of trial that the '479 Patent is invalid, as likely will occur given the PTAB's

22

23  [4]  Teradyne cannot argue that a stay will unduly prejudice it because the parties are
      direct competitors as there are other competitors in the automated test equipment
24    market besides ATS.  For example, additional competitors that have offered PXI
      and/or VXI digital test instruments similar to the accused devices include at least
25    Keysight Technologies, National Instruments, and Marvin Test Solutions.  Dou Decl.,
      Exs. F–I.  Thus, this sub-factor weighs against undue prejudice.  *Inogen*, 2012 WL
26    4748803, at *3 (finding undue prejudice was unlikely where the defendant provided
      evidence that the market had ten participants, "diluting the direct effect of [the
27    defendant's] sales on [the plaintiff's] market share"); *Omnitracs*, 2021 WL 857005, at
      *5 ("Where the parties are not direct competitors but rather share the market with
28    multiple players, undue prejudice as a result of the stay is less likely.").

statements regarding the merits of ATS's IPR Petition.  *See Lund*, 2019 WL 116784, at *2–3 (staying copyright and patent case); *DataQuill*, 2020 WL 3884436, at *2–3 (granting stay although trial date was scheduled for 2–3 months before the expected IPR Final Written Decision); *Bal Seal Eng'g, Inc.*, 2014 WL 12854129, at *2–4  (granting pre-institution stay even where the plaintiff had asserted non-patent claim for misappropriation of trade secrets); *Star Envirotech, Inc.,* 2013 WL 1716068, at *3 (staying patent, false advertising, and unfair competition case pending IPRs); *Armor All/STP Prods. Co.*, 2016 WL 6397269, at *3 ("The grant of *inter partes* review is treated as a highly significant factor . . . because this ordinarily means that there is a substantial likelihood of simplification of litigation.").

## IV.    CONCLUSION

For the foregoing reasons, ATS respectfully requests that this case be stayed in its entirety.

DATED:  July 29, 2021          /s/ Dale M. Cendali

Dale M. Cendali (admitted *pro hac vice*)
dale.cendali@kirkland.com
Joshua L. Simmons (admitted *pro hac vice*)
joshua.simmons@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel. (212) 446-4800
Fax (212) 446-4900

Yimeng Dou (SBN 285248)
yimeng.dou@kirkland.com
N. Yvonne Stoddard (SBN 325321)
yvonne.stoddard@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Tel. (213) 680-8400
Fax (213) 680-8500

Miranda Means (admitted *pro hac vice*)
miranda.means@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Tel. (617) 385-7500
Fax (617) 385-7501

*Attorneys for Defendant/Counterclaimant*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed electronically on this 29th day of July, 2021 and therefore served electronically upon counsel of record.

                            */s/ Dale M. Cendali*
                                 Dale M. Cendali