UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2713-GW-SHKx | Date | August 26, 2021 |
|---|---|---|---|
| Title | *Teradyne, Inc. v. Astronics Test Systems, Inc., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matthew J. Rizzolo | Nicole Y. Beeler |
| | Yimeng Dou |

**PROCEEDINGS:    TELEPHONIC HEARING ON ASTRONICS TEST SYSTEMS, INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW [109]**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. Based on the Tentative, and for reasons stated on the record, the Court will issue the stay subject to the discussion on footnote four in the Court's Ruling.

|  | : | 15 |
|---|---|---|
| Initials of Preparer | JG | |

***Teradyne, Inc. v. Astronics Test Sys., Inc.***, Case No. 2:20-cv-02713-GW-(SHKx)
Tentative Ruling on Defendant/Counterclaimant Astronics Test Systems, Inc.'s Motion to Stay
Pending *Inter Partes* Review

Following decision of the Patent Trial and Appeals Board ("PTAB") on July 21, 2021 to institute an *inter partes* review ("IPR") with respect to every asserted claim of the only patent at issue in this case, Defendant/Counterclaimant Astronics Test Systems, Inc. ("Astronics") moves for a stay of this litigation in its entirety until conclusion of the IPR proceedings. *See* Docket No. 109. Plaintiff/Counterdefendant Teradyne, Inc. ("Teradyne") filed the operative complaint in this action (*i.e.* the First Amended Complaint) on August 21, 2020, which contained six claims for relief: 1) infringement of U.S. Patent Number 7,395,479; 2) copyright infringement; 3) inducing breach of contract; 4) intentional interference with contractual relations; 5) intentional interference with prospective economic advantage; and 6) violation of California Unfair Competition Law.[1] *See* Docket No. 58,

As the parties agree, district courts generally apply three factors to requests to stay litigation pending resolution of an IPR: "(1) the stage of the litigation; (2) whether a stay will simplify the issues; and (3) whether a stay would unduly prejudice the non-moving party." *Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-01861 JGB (MLGx), 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013); *accord Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013). In the end, "the totality of the circumstances governs." *Universal Elecs.*, 943 F.Supp.2d at 1031 (quoting *Allergan Inc. v. Cayman Chem. Co.*, No. SACV 07-01316 JVS (RNBx), 2009 WL 8591844, *2 (C.D. Cal. Apr. 9, 2009)) (omitting internal quotation marks).

Astronics bears the burden with respect to the issue of the stay. *See Finjan*, 139 F.Supp.3d at 1035. However, in responding to Astronics' motion, Teradyne, in truth, offers the Court very little reason to conclude that a stay of this litigation *at least with respect to its claim for patent infringement* is appropriate here. Instead, Teradyne largely focuses on arguing that the remainder of its case should go forward. The Court's discussion of the applicable factors takes that into account, as follows.

---

[1] The parties report that, after the Court's earlier decision on a motion to dismiss, only four claims remain in the case: the patent and copyright infringement claims, and the claims for inducing breach of contract and intentional interference with prospective economic advantage. *See* Docket No. 110, at 3:22-4:2; Docket No. 114, at 1:12-14, 2:13-17.

Factor One

This factor warrants a consideration of "whether discovery is complete and whether a trial date has been set." *See Universal Elecs.*, 943 F. Supp. 2d at 1030–31. Although *some* discovery has occurred in this case, discovery is not *complete.* In fact, there appears to be much more discovery to come in this case. Fact-discovery closes November 18, 2021, and expert discovery closes in February 2022.

In addition, although a trial date has been set, the date set is July 12, 2022, whereas the IPR proceedings are set for a hearing date of April 21, 2022, with a written decision expected no later than July 21, 2022. *See* 35 U.S.C. § 316(a)(11). Moreover, no dispositive motions have been filed and pre-trial submissions are obviously relatively far-off in the temporal distance.

Although the Court already completed claim construction, Astronics waited to seek a stay until after the IPR was instituted because of this Court's expressed preference that such motions *not* be brought before the PTAB had ruled on an IPR request.

The first factor favors issuance of a stay.

Factor Two

A stay will unquestionably simplify issues with respect to Teradyne's sole claim of patent infringement either because the sole patent at issue in the case will be invalidated or because Astronics will suffer the effects of estoppel. *See* 35 U.S.C. § 315(e)(2). The IPR covers all of the claims of the sole patent that Teradyne has not already disclaimed.

Teradyne admits that "there is some overlap between [its] patent and other claims – they all relate to its core business of supplying hardware and software for automated test systems." Docket No. 114, at 14:15-17; *see also* Docket No. 118, at 2:9-12 (reflecting Astronics' assertion that "the products accused of copyright infringement are the same as those accused of patent infringement, and Teradyne's state law claims are based on the same conduct as it copyright claim" such that "there is overlap in the accused products, alleged conduct, and possible damages"). Notwithstanding this at least moderate level of overlap, however, simplification as a result of the IPR is less-apparent with respect to the non-patent claims in the case.[2] But Astronics argues that Teradyne is "still working to identify the bases of its copyright

---

[2] The Court rejects the approach, quoted by Teradyne in its Opposition, that suggests that "[t]o 'truly simplify the issues,' the outcome of an IPR 'must finally resolve all issues in the litigation.'" Docket No. 114, at 15:13-14 (quoting *Athena Feminine Techs. Inc. v. Wilkes*, No. C10-04868, 2012 WL 1424988, 2012 WL 1424988, *3-4 (N.D. Cal. Apr. 24, 2012). That speaks to putting an end to litigation in its entirety, not mere simplification of issues.

infringement and state law claims, *e.g.*, any protectable elements of its source code," Docket No. 110, at 9:4-6, and Teradyne does not appear to contest this point in its Opposition brief.

The second factor unquestionably favors a stay at least as to Teradyne's claim for patent infringement. It is not so clear that it favors a stay with respect to the remainder of the case.

Factor Three

Astronics asserts that this factor entails consideration of four sub-factors, including 1) the timing of the petition for review, 2) the timing of the request for the stay, 3) the status of the review proceedings, and 4) the relationship of the parties. It also notes that mere delay resulting from a stay does not amount to undue prejudice. Teradyne does not take issue with any of these contentions.

The timing of Astronics' petition for review and request for a stay clearly do not work against its request. It acted quickly both after receiving Teradyne's infringement contentions and after receiving word of the IPR's institution. While the IPR hearing is still roughly eight months off (and a written decision expected within three months thereafter), this is not an unreasonable amount of time for a stay.

Teradyne argues that it will be prejudiced because Astronics is its direct competitor, and some cases have concluded that prejudice is "heightened when parties to litigation are direct competitors" such that a *presumption* of prejudice from a stay occurs. *Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639 SJO (RAOx), 2018 WL 1470594, *8 (C.D. Cal. Mar. 8, 2018) (quoting *Universal Elecs.*, 943 F.Supp.2d at 1034 (omitting internal quotation marks). But, as Astronics notes, Teradyne: 1) has been aware of the basis for its claimed infringement since at least 2009 but waited until 2020 to sue, and 2) has never moved for a preliminary injunction in this case. Both facts undercut its claim of prejudice and effectively rebut any presumption in that regard.[3] In contrast, in *Universal Electronics* (where the district court did *not* believe that the plaintiff's failure to file a preliminary injunction motion against its competitor-defendant cut

---

[3] Teradyne cites to this Court's decision in *Pentair Water Pool & Spa, Inc. v. Hayward Indus., Inc*., Case No. CV-11-10280 (C.D. Cal. Mar. 17, 2014) at Docket No. 141, where this Court denied a motion for a stay pending an ex parte request for a reexamination to the USPTO. *See* Opposition at 19, Docket No. 114 at 25 of 28. However, the Court agrees with Astronics in its Reply at 19 n.18 (Docket No. 118 at 25 of 33), that the overall facts and litigation elements in *Pentair* are very different from the ones presented here – including the facts that in *Pentair* it was the *plaintiff* that was seeking a stay more than two years after the case had been filed (*see* Docket Nos. 1 and 131 in Case No. CV-11-10280) and after the Court had already indicated that it would not grant any further extensions of the pre-trial dates (*Id.* at Docket No. 125), plus the stay was based upon an ex parte reexamination request which at that time took an average of 27.8 months to resolve (*Id.* at Docket No. 141 at 6).

against the plaintiff's case for prejudice), the plaintiff had only clearly been on notice of the alleged infringement for two years before filing suit, and the defendant had only filed its petitions for IPR – unlike here, IPR had not yet been *granted* at the time of the hearing on the stay motion. *See Universal Elecs.*, 943 F.Supp.2d at 1029, 1034.

Moreover, assuming Teradyne can demonstrate that it suffers competitive losses to Astronics while an IPR stay is in effect, if it can connect those losses to wrongdoing by Astronics, Teradyne will presumably be able to recoup those losses in the form of damages. While Teradyne cites one case for an assertion that infringement among competitors can cause harm in the marketplace that is not compensable by readily-calculable money damages, *see* Docket No. 114, at 17:14-18, it has not made any attempt to explain what that incalculable harm is or, why it is incalculable generally, or why it would be incalculable here if there is a way to measure lost market share or lost sales.

On the topic of tactical disadvantages, Teradyne is concerned that a stay during the IPR will give Astronics additional time to review and assess Teradyne's document production. But, as Astronics points out in its Reply, Teradyne will *also* be given additional time in this regard.

The Court does not believe Teradyne has justified its concern about any prejudice or tactical disadvantage. As such, the Court concludes that the third factor supports issuance of a stay.

Conclusion

In this Court's view, the first and third factors favor a stay. Even if the Court were to conclude that the second factor only favors a stay with respect to the claim for patent infringement, the Court cannot identify any reason why a stay of less than a year would irreparably harm Teradyne with respect to the other claims it advances here. Additionally, in light of the fact that it is actually "the totality of the circumstances" which the Court must consider in deciding whether to issue a stay during an IPR, it is not this Court's favored practice to split up a single case into multiple proceedings.

Given all of the foregoing, on-balance the Court believes that a stay of the entire litigation is warranted – at least until the IPR decision is expected next July.[4] The parties shall file a joint report on the earlier of every 90 days, or within seven days following the issuance of

---

[4] One other alternative is that the Court could issue a stay as to the entire litigation with the exception of allowing Teradyne to seek a preliminary injunction with respect to its non-patent claims.

the final written decision, stating their respective and/or collective views as to the status of those proceedings, and whether the developments in those proceedings warrant lifting the stay. The first report shall be filed no later than January 31, 2022.